**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **TONY ROGERS, #N34139,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 20-00034-SMY |
| ) | |
| **BROOKHART,** ) | |
| **JOHN R. BALDWIN,** ) | |
| **ROB JEFFREYS,** ) | |
| **STEPHEN RITZ,** ) | |
| **WEXFORD HEALTH SOURCES, INC, and** ) | |
| **WARDEN OF LAWRENCE** ) | |
| **CORRECTIONAL CENTER,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Tony Rogers, an inmate of the Illinois Department of Corrections currently incarcerated at Lawrence Correctional Center, filed this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He claims Defendants were deliberately indifferent to his medical needs and seeks monetary damages and injunctive relief. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1): Plaintiff, who weighs more than 530 pounds, constantly suffers from debilitating pain in his knees and can barely walk.

The medication prescribed to him does not relieve his pain. He has filed multiple grievances about the denial of medical treatment and has informed Defendants verbally and in writing about his condition but has been ignored.

IDOC Directors John Baldwin and Rob Jeffreys failed to correct the errors and violations made by their subordinates including Brookhart. They disregarded their duty to ensure their subordinates are not violating the rights of the inmates. Despite a physician's diagnosis of Plaintiff's condition, referrals for further medical evaluation for his knee, medical records consistent with the referrals, constant complaints of pain, suffering, and difficulty walking, Brookhart took no action.

Dr. Ritz, Wexford's dedicated utilization management physician, denied Plaintiff medical treatment and evaluation that is needed according to Dr. Ahmed, Plaintiff's treating physician. Dr. Ahmed proposed a course of action that included a "MRI bilateral knees." Dr. Ritz refused to give consent for the treatment recommended by Dr. Ahmed and ignored his professional evaluation and determination. The recommended exercises did not relieve Plaintiff's pain but instead caused swelling.

Wexford, and its employees, deny and/or delay medical care based on unlawful customs, practices, or policies, both official and unofficial. Dr. Ritz used his position with Wexford to deny Plaintiff proper testing as recommended by Dr. Ahmed. Dr. Ritz used "concealment" to prevent testing of Plaintiff's condition to conceal its seriousness, prevent development of a treatment plan, and return him to an ineffective therapy. Concealment is a Wexford practice used to withhold the seriousness of a patient's medical condition which simultaneously delays medical care. Wexford uses concealment to deny/delay medical care to save costs.

Based on the allegations in the Complaint, the Court designates the following claim in this

*pro se* action:

> Count 1: Eighth Amendment deliberate indifference claim against Brookhart, Baldwin, Jeffreys, Dr. Ritz, and Wexford Health Sources, Inc. for denying Plaintiff medical treatment for his knee condition which causes debilitating pain and difficulty walking.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Discussion

An Eighth Amendment claim based on the denial of medical care requires a plaintiff to show that (1) his medical condition was sufficiently serious, and (2) the defendants acted with deliberate indifference to his medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475-76 (7th Cir. 2017). The allegations in the Complaint are sufficient to proceed on the deliberate indifference claim in against Dr. Ritz for denying and/or delaying Plaintiff medical care. Additionally, Plaintiff has stated a viable claim against Wexford that the denial of medical care was a result of a policy by Wexford to deny treatment as a cost savings measure. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation can be held liable for deliberate indifference if it had a policy or practice that caused the violation).

The claim may also proceed against Brookhart based on the allegations that she was made aware, verbally and in multiple grievances, of Plaintiff's medical condition and inadequate medical care and failed to take any action to rectify the situation. *See Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) (holding allegations sufficient to state a plausible deliberate indifference claim against prison officials that allegedly obtained actual knowledge of the plaintiff's objectively

3

serious medical condition and inadequate medical care through his coherent and highly detailed grievances and failed to exercise their authority to intervene to rectify the situation).

The claim against Baldwin and Jeffreys, however, will be dismissed. Plaintiff seeks to hold IDOC Directors Baldwin and Jeffreys liable for the actions and/or inactions of his subordinates. "[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005). Thus, Baldwin cannot be held liable based solely on his position as an administrator as the doctrine of *respondeat superior* does not apply to § 1983 actions. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (2001). Plaintiff also makes a conclusory allegation that Baldwin and Jeffreys knew about his medical issues and denial of medical treatment and refers to Exhibits A and D attached to the Complaint. Exhibit A is an ARB response to the appeal of a grievance by Plaintiff signed by Baldwin. Exhibit D is an ARB response to the appeal of a grievance by Plaintiff signed by Jeffreys. Knowledge obtained from a single grievance is insufficient to state a claim.

### Injunctive Relief

The Complaint includes a request for injunctive relief. Accordingly, the Warden of Lawrence Correctional Center, will be added to the docket in his/her official capacity with regard to the request for injunctive relief. *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (holding warden is proper defendant for injunctive relief claim as he would be responsible for ensuring that any injunctive relief would be carried out).

### Disposition

Count 1 will proceed against Dr. Ritz, Brookhart, and Wexford Health Sources, Inc. Defendants Baldwin and Jeffreys are **DISMISSED** without prejudice and the Clerk of Court is **DIRECTED** to **TERMINATE** them as Defendants. The Clerk is **DIRECTED** to **ADD** the

Warden of Lawrence Correctional Center, in his or her official capacity, to the docket for purposes of Plaintiff's claim for injunctive relief.

The Clerk shall prepare for Dr. Ritz, Brookhart, Wexford Health Sources, Inc., and the Warden of Lawrence Correctional Center (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C.

§ 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  October 13, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.